JUDGE ROBERTSON
delivered the opinion of the court:
By the law of Louisiana, the matrimonial domicile of John R. Leary and his first wife, her property was secured to her as a dotal portion by a legal lien on his estate, and all his future acquisitions; and, by the acknowledged law of comity, that paraphernal right and lien to protect it were as ubiquitous as the persons themselves, and followed them wherever they might afterwards settle.
That first wife’s personal property, which came to her husband after marriage, greatly exceeded the value of the estate left by him at his death in the year 1848, in Mason county, Kentucky, and, consequently, the lien covering the whole of it, the second and surviving wife was, as *531 properly adjudged in this case by the circuit court, entitled to no distributive portion of it.
In the same year of his death, John R. Leary collected for his brother, Daniel Leary, three hundred dollars, in Orleans, and soon after his return to Maysville, Kentucky —apprehending speedy death — he advanced to Daniel one thousand dollars, charged with the education and maintenance of the decedent’s and first wife’s infant children, who survived him. That trust was fulfilled at the cost of about eight hundred dollars, and Daniel had also paid some small debts of the decedent to the amount of about one hundred dollars. On a settlement of the estate in this suit between his administrator and all persons claiming an interest in it, the circuit court — charging Daniel Leary with the said one thousand dollars, and allowing him credit for the cost of education, maintenance, and funeral expenses, and for the said sum of about one hundred dollars, and the three hundred dollars which the intestate had collected for him — adjudged to him against the administrator the excess of these credits over the one thousand dollars.
That judgment is complained of by the appellants as distributees, who insist that all over the cost of education, maintenance, and funeral expenses, was subject to the dotal lien, and was the property of the distributees unencumbered by the intestate’s debts.
Waiving the question whether the lien operated on money paid to a creditor without notice, it seems to us, that however that may be, the facts and the presumptions arising from them will not authorize a reversal of the judgment in favor of Daniel Leary. Under all the circumstances, the one thousand dollars may be presumed to have included the three hundred dollars collected at Orleans, and was, therefore, the property of D. *532 Leary, on which, of course, there could have been no lien. Only seven hundred dollars of the one thousand dollars, therefore, remained in Daniel’s hands as the money of J. R. Leary; and more than that sum was, as admitted, applied to the use of the distributees claiming their mother’s property and lien; consequently, as to the three hundred dollars, there is no sufficient ground for reversal; and not knowing whence or how the one thousand dollars were obtained, or whether there was any paraphernal lien on that money when deposited with D. Leary, we cannot decide that the sum of about one hundred dollars paid by Daniel for John was not properly paid out of that fund.
Wherefore, the judgment in favor of Daniel Leary is affirmed.
But the commissioner’s confirmed report shows that the distributive share of Kendall and wife was three hundred and eight dollars and eighteen cents, subject to a credit of one hundred and eighty-five dollars and sixty-one cents, which left a balance of one hundred and twenty-two dollars and fifty-seven cents in their favor; but the circuit court, through inadvertence or otherwise, plainly erred to their prejudice to the extent of one hundred dollars in decreeing to them only twenty-two dollars and fifty-seven cents.
Wherefore, this latter judgment is reversed, and the cause remanded for a correction of the error.